032315Lf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JACOBY GARRETT,

    Plaintiff,

vs.

JOHN DOE (B), et al.,

    Defendants.

No. 15 cv 1004 EJM

ORDER

This matter is before the court on (1) initial review under 28 U.S.C. §1915A of plaintiff's pro se complaint under 42 U.S.C. §1983, (2) application for in forma pauperis status, and (3) motion to appoint counsel, all filed September 29, 2014, in the Southern District, transferred to this district January 13, 2015. Initial review passed. In forma pauperis status granted. Motion to appoint counsel denied.

Plaintiff, who is incarcerated at the Clarinda Correctional Facility but who was convicted in this district, seeks redress for the deprivation of his constitutional rights, alleging inadequate medical treatment concerning his prosthetic leg and his sickle cell anemia. Jurisdiction is under 28 U.S.C. §1331.

Upon review of the pro se complaint, the court is of the view that the matter may proceed past initial review.

Plaintiff also applies for in forma pauperis status. The required affidavit is on file, and the application is in order. 28 USC §1915. Based on his current financial status, he shall not be required to pay an initial filing fee. Thereafter he shall submit

1

monthly payments of 20 percent of the preceding month's income credited to his inmate account until the filing fee is paid in full. 28 USC §1915(b)(1)(B). The agency having custody of plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 USC §1915(b)(2).

Lastly, plaintiff applies for counsel to be appointed. The court concludes that the assistance of counsel is not warranted. State v. Hoskins, No. 07-0677, 2008 Iowa App. LEXIS 259 (Iowa Ct. App. 2008), and Hoskins v. State, 812 N.W.2d 726 (Iowa Ct. App. 2012.) Based on the file, there appears no good reason to appoint counsel. He enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985.) See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case.)

It is therefore

ORDERED

Initial review passed. In forma pauperis status granted. Clerk shall serve and file the complaint. Defendants shall have until April 30, 2015, to serve and file their response. Motion to appoint counsel denied.

March 23, 2015

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT