052915Lf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JACOBY GARRETT,

    Plaintiff,

vs.

JOHN DOE (B), et al.,

    Defendants.

No. 15 cv 1004 EJM

ORDER

This matter is before the court on defendants' resisted motion to dismiss, filed April 21, 2015. Dismissed unless requisite statement filed by July 31, 2015.

Plaintiff was jailed at the Dubuque County Jail (Jail) for a period from approximately June 19, 2012, through September 28, 2012, before his conviction. He now seeks redress under 42 U.S.C. § 1983 for the deprivation of his constitutional rights, alleging inadequate medical treatment concerning his prosthetic leg and his sickle cell anemia while in Jail. Jurisdiction under 28 U.S.C. §1331.

Defendants move to dismiss under the statute of limitations. Section 1983 claims do not have their own statute of limitations. Instead, they borrow the state statute for personal injury claims. Wallace v. Kato, 549 U.S. 384 (2007). In Iowa, the statute of limitations for personal injury claims is two years. Iowa Code §614.1(2). Wilson v. Shores-Mueller Co., 40 F.Supp. 729 (N.D.Iowa 1941.)

1

Plaintiff alleges in his complaint that the mistreatment continued until September 28, 2012, the day he was transferred out of Jail. The defendants argue that this lawsuit was received in the mail and filed in the clerk's office on September 29, 2012, two years and one day after his last day in Jail, and is thus untimely.

Plaintiff has produced an "Offender Store Order" that shows he purchased the postage for the mailing of this law suit on September 21, 2014. That record has a post-it note attached to it purporting to be from the "Business Office", and signed as such by an unknown person, stating that the mailing was mailed out between September 22, 2014, and September 24, 2014, which if accepted would make it timely.

Under the "mail box rule", a document such as a prisoner's complaint is deemed filed when it is mailed, not when it is received in the Clerk's Office for filing, if the fact of deposit with postage is properly presented. Lewis v. Casey, 518 U.S. 343 (1996.) The Eighth Circuit has stated that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been pre-paid." Sulik v. Taney County, MO., 316 F.3d 813, (8th Cir. 2003.) Plaintiff has implied that he timely deposited the document in the mail, but he has not so stated directly and under oath (notarized) or under penalty of perjury pursuant to §1746. Plaintiff shall have 60 days to do so.

It is therefore

ORDERED

Dismissed unless by no later than July 31, 2015, plaintiff files the requisite notarized statement or declaration under penalty of perjury.

May 29, 2015

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT