UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JACOBY GARRETT,

     Plaintiff,

vs.

JOHN DOE (B), et al.,

     Defendants.

No. 15 cv 1004 EJM

ORDER

This matter is before the court on defendants' unresisted motion for summary judgment, filed November 9, 2015.   Granted.

Plaintiff was jailed at the Dubuque County Jail (Jail) for a period from approximately June 19, 2012, through September 28, 2012, before his conviction.   He now seeks redress under 42 U.S.C. § 1983 for the deprivation of his constitutional rights, alleging inadequate medical treatment concerning his prosthetic leg and his sickle cell anemia while in Jail.   Jurisdiction under 28 U.S.C. §1331.

Defendants move for summary judgment under F.R.Civ.P. 56 on two grounds, (1) that plaintiff cannot show deliberate indifference on the part of defendants, and (2) that there is no dispute but that plaintiff failed to exhaust his administrative remedies.   The court will focus on the second ground, which is sufficient to resolve the matter.

Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..." Collates Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553 (1986).   "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there

1

is some metaphysical doubt as to the material facts." <u>Matsushita Electric Industrial Co., Ltd.</u> <u>v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). "In the language of the rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" <u>Matsushita</u>, 106 S.Ct. at 1356; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 2510 (1986).

The unrefuted evidence from the Office of Sheriff, a letter from Michael Muenster, Captain, Jail Administrator, states that during the time of his incarceration, plaintiff filed no grievances. Plaintiff himself has come forward with no evidence to the contrary. As such, the claim is unexhausted and procedurally defaulted. 28 U.S.C. 2254(b); <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1021 (8th Cir. 2003.)

It is therefore

ORDERED

Granted.

December 18, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

2