UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JACOBY GARRETT,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE (B), et al.,<br><br>Defendants. | No. 15 cv 1004 EJM<br><br>ORDER |

This matter is before the court on (1) plaintiff's resisted motion to reconsider order granting defendants' summary judgment, filed January 5, 2016, and (2) plaintiff's own pro se resisted motion for summary judgment, filed February 22, 2016, and (3) the Eighth Circuit's Order filed February 2, 2016, to determine plaintiff/appellant's in forma pauperis status and assess the appellate filing fee, pursuant to 28 U.S.C. §1915. Motion to reconsider denied. Plaintiff's motion for summary judgment denied. In forma Pauperis status granted; appellate filing fee assessed, to be paid over time according to statute.

Plaintiff was jailed at the Dubuque County Jail (Jail) for a period from approximately June 19, 2012, through September 28, 2012, before his conviction. He sought redress under 42 U.S.C. § 1983 for the deprivation of his constitutional rights, alleging inadequate medical treatment concerning his prosthetic leg and his sickle cell anemia while in Jail. Jurisdiction under 28 U.S.C. §1331.

On December 18, 2015, this court entered summary judgment for defendants on the grounds that there is no dispute but that plaintiff failed to exhaust his administrative

1

remedies. The unrefuted evidence from the Office of Sheriff, a letter from Michael Muenster, Captain, Jail Administrator, showed that during the time of his incarceration, plaintiff filed no grievances. Plaintiff had at the time of the original judgment come forward with no evidence to the contrary. As such, the claim was found to be unexhausted and procedurally defaulted. 28 U.S.C. 2254(b); Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003.)

In the current motion to reconsider, plaintiff still produces no evidence of a filed grievance. Therefore, motion to reconsider is denied.

Plaintiff's pro se motion for summary judgment suffers from this same defect, failure to exhaust his claim, in addition to failure to comply with Local Rule 56(a) in that it does not contain a statement of material facts which movant contends are not in dispute. Plaintiff's motion for summary judgment has no evidence submitted; merely argument, which the court has already ruled upon in granting defendants' motion. Plaintiff's motion for summary judgment denied.

Concerning plaintiff/appellant's in forma pauperis status, the court previously granted the plaintiff in forma pauperis status in an order filed March 23, 2015. It is appropriate to allow the plaintiff to continue to proceed in forma pauperis on appeal since he is still in custody. See Fed. R. App. P. 24. Pursuant to the procedure set forth by the Eighth Circuit Court of Appeals in Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997), the plaintiff is liable for the $505.00 appeal fees upon the filing of his notice of appeal. Henderson, 129 F.3d at 484; see also 28 U.S.C. § 1914(b) (directing Clerk of Court to collect "additional fees only as are prescribed by the Judicial Conference of the United States"). Given the record, the plaintiff is assessed an initial appellate partial fee of

$5.00, which he is directed to submit immediately to the clerk's office. Henderson, 129 F.3d at 484-85; see also 28 U.S.C. § 1915(b)(1). In addition, the plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $505.00 appeal fees are paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of the plaintiff is directed to forward payments from his inmate account to the clerk's office each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

The clerk's office is directed to forward this matter to the Eighth Circuit Court of Appeals for further disposition.

It is therefore

ORDERED

Motion to Reconsider Denied. Plaintiff's motion for summary judgment denied. In forma Pauperis status granted. Appellate fees to be paid per statute as specified above.

March 11, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT